RECEIVED
IN ALEXANDRIA, LA
JUN 3 0 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EDWIN LOTT<br>D.O.C.#501451 | DOCKET NO. 08-cv-1053; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| CORRECTIONS CORPORATION OF<br>AMERICA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed by Plaintiff Edwin Lott (D.O.C. #501451), pro se and in forma pauperis, on July 16, 2008. Lott is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is housed at Winn Correctional Center (WCC) in Winnfield, Louisiana. Plaintiff seeks injunctive and declaratory relief as well as class certification; he lists seven other inmates as Plaintiffs, each of whom has filed his own action in this district. The plaintiff alleges numerous violations by the defendants of the constitutional rights of WCC inmates. Because Plaintiff's complaint was deficient and contained no factual allegations involving himself, he was ordered to amend his complaint on March 16, 2009. [Doc. #4] As of this date, Plaintiff has still not submitted an amended complaint.

### LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply

with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. <u>Link v. Wabash R.R.Co.</u>, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988).

Plaintiff was ordered to amend his complaint on March 16, 2009. [Doc. #4] He was given thirty days within which to file his amended complaint. Because Plaintiff has not responded to the Court's Order, and because the time for filing Plaintiff's response has long since expired, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

## OBJECTIONS

**Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

2

Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 30th day of June, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE